UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gilton A., | File No. 26-cv-558 (ECT/ECW) |
| Petitioner, | |
| v. | OPINION AND ORDER |
| Pamela Bondi, *Attorney General*; Daren K. Margolin, *Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration and Customs Enforcement; and David Easterwood, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*, | |
| Respondents. | |

Cameron Lane Youngs Giebink and David L. Wilson, Wilson Law Group, Minneapolis, MN, for Petitioner Gilton A.

Ana H. Voss and Friedrich A.P. Siekert, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Daren K. Margolin, Executive Office for Immigration Review, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, and David Easterwood.

Petitioner Gilton A. is a Honduran citizen who entered the United States in June 2005 without inspection. Pet. [ECF No. 1] ¶¶ 13, 26–27. Gilton "was not encountered by federal law enforcement at or near his time of entry into the United States." *Id*. ¶ 28. Gilton was arrested and detained by Respondents—or their agents—on January 22, 2026.

*Id.* ¶ 39. "Respondents provided no warrant for [Gilton's] arrest." *Id.* ¶ 31. Gilton "has no criminal history of the sort that would subject him to mandatory custody under 8 U.S.C. § 1226(c)." Pet. ¶ 29. Gilton "is presently detained at Fort Snelling, in Minnesota." *Id.* ¶ 33.[1]

Gilton challenges his detention under 28 U.S.C. § 2241. Pet. ¶ 8. He claims he has been wrongly classified as an 8 U.S.C. § 1225(b)(2) detainee (whose detention is mandatory) rather than an 8 U.S.C. § 1226(a) detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 2–4, 34–59; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Gilton, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, 8 U.S.C. § 1357(a)(2), the Fourth Amendment's warrant requirement, and 8 U.S.C. §§ 1225(b)(2) and 1226(a); and 8 C.F.R. §§ 236.1, 1236.1, and 1003.19. *See* Pet. ¶¶ 78–110. Gilton seeks his immediate release or, alternatively, an order requiring Respondents to hold a bond hearing pursuant to 8 U.S.C. § 1226(a); a declaration that Respondents' action is arbitrary and capricious; a declaration that Respondents failed to adhere to their regulations; a declaration that his detention absent a bond hearing violates the Fifth Amendment's Due Process Clause; a declaration that his warrantless arrest violates the Fourth Amendment and 8 U.S.C. § 1357(a)(2); an order enjoining Respondents

---

[1] Neither party provided the Court with Gilton's Notice to Appear or the other paperwork we've usually received in these cases. In this case, it doesn't matter. In their response to Gilton's habeas petition, Respondents did not contest any of the facts alleged in the Petition. *See* ECF No. 5 at 1–2.

from moving him from the District of Minnesota during the pendency of this Petition; attorneys' fees and costs; and "all further relief this Court deems just and proper." Pet. at 27–28.

Acknowledging this case "presents similar legal and factual issues to prior habeas petitions," Respondents argue that the Gilton's detention is mandatory under 8 U.S.C. § 1225 and thus that he is not eligible for a bond hearing. ECF No. 5 at 7–18. This raises an issue of statutory interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Gilton has shown he has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312,

---

[2] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Gilton's Petition, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025).  As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion.  *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025).  Gilton has lived in the United States for more than 20 years.  *See* Pet. ¶ 27.  His detention falls under § 1226(a) and not § 1225(b)(2).

The final issue is the appropriate remedy.  Section 1226 provides that "*[o]n a warrant issued by the Attorney General*, an alien may be arrested and detained." 8 U.S.C. § 1226(a) (emphasis added).  "Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)."  *Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437, 2025 WL 2688541, at *11 (D. Me. Sep. 21, 2025), *appeal filed* (Nov. 7, 2025).  "[I]t follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)."  *Id.* (emphasis in original); *accord Chiliquinga Yumbillo v. Stamper*, No. 2:25-cv-00479, 2025 WL 2783642, at *5 (D. Me. Sep. 30, 2025); *J.A.C.P. v. Wofford*, No. 1:25-cv-01354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025); *see also Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023) (stating § 1226 "is not even triggered unless an arrest warrant is issued" and that "[i]f [an] alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered"), *appeal dismissed*, 2023 WL 5212561 (11th Cir. July 11, 2023).  Here, Gilton alleged that "Respondents provided no warrant for [Gilton's] arrest."  Pet. ¶ 31.

4

Respondents have not produced a warrant, nor have they advanced any specific argument that Gilton's release is an unwarranted remedy given the apparent absence of a warrant.[3] *See* ECF No. 5. Rather, Respondents argue that the failure to produce a warrant can be addressed by the Immigration Court. *See* ECF No. 5 at 18 ("If the lack of a warrant is important, than [sic] Petitioner can bring that issue up with the Immigration Court."). This argument is not persuasive. As discussed above, the "issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)," *see Chogllo Chafla*, 2025 WL 2688541, at *11, and here, that condition was not met.

"[R]elease is an available and appropriate remedy" for "detention that lacks a lawful predicate." Order on Petition for Writ of Habeas Corpus at 6, *Vedat C. v. Bondi*, No. 25-cv-4642 (JWB/DTS) (D. Minn. Dec. 19, 2025), ECF No. 9 (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). "Where the record shows Respondents have not identified a valid statutory basis for detention in the first place, the remedy is not to supply one through further proceedings." *Id.*; *see Chogllo Chafla*, --- F. Supp. 3d ---, 2025 WL 2688541, at *11 ("Since the Government did not comply with the plain language of section 1226(a), [petitioners'] immediate release is justified."); *J.A.C.P.*, 2025 WL 3013328, at *8 (same); *Chiliquinga Yumbillo*, 2025 WL 2783642, at *5 (reaching same conclusion); *see also*

---

[3] Respondents do not argue that Gilton is subject to mandatory detention pursuant to 8 U.S.C. § 1226(c).

5

*Munaf*, 553 U.S. at 693 ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release." (citation modified)).[4]

### ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Gilton A's Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

2. Respondents shall release Petitioner from custody as soon as practicable, but not later than 48 hours after entry of this Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  January 25, 2026, at 4:55 p.m.        s/ Eric C. Tostrud
                                              Eric C. Tostrud
                                              United States District Court

---

[4] The resolution of this statutory-interpretation question in Gilton's favor makes it unnecessary to address the Petition's remaining grounds.